IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 17-cr-00077-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. RONALD RAY HORNER,

    Defendant.

## ORDER

This matter is before the Court on defendant Ronald Ray Horner's Motion to Compel Parties to Acknowledge and Adhere to Facts [Docket No. 111], Objection to and Motion to Remove Sex Offender Special Release Conditions From the Presentence Report and From Consideration in Sentencing [Docket No. 112], Objection to Court Ruling [Docket No. 113], Objection to Court Ruling [Docket No. 114], Objection to Court Ruling [Docket No. 115], and Motion for a Court Order to Compel the Bureau of Prisons to Allow Access to Flat Rate Mailers to Inmates at FCI-Englewood [Docket No. 116]. Mr. Horner tendered these motions to the Court at his sentencing hearing on August 31, 2018. *See* Docket No. 110. In light of plaintiff's pro se status, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

Defendant's Motion to Compel Parties argues that it is improper for his sentence to be enhanced pursuant to 18 U.S.C. § 3147 without an indictment as to that statute and that he should not have "sex offense" conditions imposed as conditions of supervised release because his crime of conviction is not a sex offense. Docket No. 111 at 2. Defendant also objects to imposition of sex offender special release conditions in a separate filing. Docket No. 112. At the sentencing hearing, the Court addressed why and how 18 U.S.C. § 3147 applies to enhance defendant's sentence despite the lack of a separate indictment. Accordingly, the Court denies plaintiff's Motion to Compel Parties insofar as it argues that his sentence should not be enhanced. *See United States v. Campbell*, 2010 WL 597963, at *1-*2 (D.N.M. Feb. 1, 2010) (discussing *United States v. Browning*, 61 F.3d 752 (10th Cir. 1995)). With respect to defendant's arguments that sex offender specific conditions should not be imposed on him for the crime of conviction, the Court did not impose sex offender evaluation and treatment as part of defendant's sentence and will therefore deny those requests as moot.

Defendant's Objections to Court Ruling, Docket Nos. 113, 114 and 115, request that the Court issue a written order with its specific reasons for rulings made at the sentencing hearing for the purposes of defendant's direct appeal. The Court stated the reasons for its rulings on the record at the sentencing hearing. Therefore, the Court will deny defendant's objections.

With respect to defendant's motion seeking a court order compelling the Bureau of Prisons to allow inmates access to flat-rate envelopes, defendant does not state a basis for the relief that he seeks or indicate that he has exhausted administrative

remedies. *See* Docket No. 116. Therefore, the Court finds that defendant has not shown that he is entitled to relief and will deny his motion

For the foregoing reasons, it is

**ORDERED** that defendant's Motion to Compel Parties to Acknowledge and Adhere to Facts [Docket No. 111] is **DENIED** in part and **DENIED** as moot in part. It is further

**ORDERED** that defendant's Objection to and Motion to Remove Sex Offender Special Release Conditions From the Presentence Report and From Consideration in Sentencing [Docket No. 112] is **DENIED** as moot. It is further

**ORDERED** that defendant's Objection to Court Ruling [Docket No. 113], Objection to Court Ruling [Docket No. 114], Objection to Court Ruling [Docket No. 115], and Motion for a Court Order to Compel the Bureau of Prisons to Allow Access to Flat Rate Mailers to Inmates at FCI-Englewood [Docket No. 116] are **DENIED**.

DATED September 4, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge